IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| v. | ) C O M P L A I N T |
| ANTONELLA'S RESTAURANT & PIZZERIA, INC., JTA, INC., and DELLICAP, LLC d/b/a GRAND CENTRO GRILL, | ) ) ) JURY TRIAL DEMANDED |
| Defendants. | ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin and retaliation and to provide appropriate relief to Edgar Vazquez-Rivas and a class of Hispanic employees who were adversely affected by such unlawful employment practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendants engaged in national origin discrimination by subjecting Vazquez-Rivas and a class of Hispanic employees to harassment based on their national origin, which included calling them names and slurs and demanding that they only speak English in the workplace. Defendants also retaliated against Vazquez-Rivas by terminating him after he complained about differential treatment between Hispanics and non-Hispanics.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are being committed within the jurisdiction of the United States District Court for the Southern District of New York.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Antonella's Restaurant & Pizzeria, Inc. ("Antonella's") has continuously been a New York Corporation doing business in the State of New York and the City of Fishkill, and has continuously had at least 15 employees.

5. At all relevant times, Defendant JTA, Inc. has continuously been a New York corporation doing business in the State of New York and the City of Wappinger Falls, and has continuously had at least 15 employees.

6. At all relevant times, Defendant DelliCap, LLC d/b/a Grand Centro Grill has continuously been a New York Limited Liability Company doing business in the State of New York and the City of Fishkill, and has continuously had at least 15 employees.

7. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Edgar Vazquez-Rivas filed a charge with the Commission alleging violations of Title VII by Defendants.

9. On February 27, 2015, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

12. On May 18, 2015, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

13. All conditions precedent to the institution of this lawsuit were fulfilled.

## STATEMENT OF CLAIMS

14. Since at least 1995 when Defendant Antonella's first opened, Defendants have engaged in unlawful employment practices at their restaurants in Fishkill and Wappinger Falls, in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-2a. These unlawful employment practices include, but are not limited to the following:

(a) Defendants have engaged and continue to engage in the unlawful practice of national origin discrimination against Hispanic employees by subjecting them name calling,

slurs, demanding that they only speak English without a business reason for this requirement, and by creating and maintaining a hostile work environment because of their national origin (Hispanic);

    (b)    Defendants subjected Vazquez-Rivas and a class of Hispanic employees working in the back-of-the-house (kitchen staff) in their restaurants to harassment on their basis of their national origin;

    (c)    At all relevant times, Defendants' co-owner, Angelo Dellicarpini ("Dellicarpini"), has been the top-ranking manager overseeing Defendants' restaurant operations in Fishkill and Wappinger Falls, New York;

    (d)    Since Defendant Antonella's Restaurant & Pizzeria, Inc. first opened, in or about 1995, Dellicarpini has frequently made derogatory comments towards Hispanic employees;

    (e)    For example, Dellicarpini on almost a regular basis has subjected Hispanic employees to slurs such as "fucking Spanish," "fucking Mexicans," "fucking landscapers," and "fucking Hispanics";

    (f)    Additionally, Dellicarpini demanded that Hispanics speak only English at work. To emphasize his point, Dellicarpini has taken a dollar bill out of his wallet, held it out and told the workers, "this is America, you must speak English." Dellicarpini also regularly commented that he was "fucking tired of these Hispanics" and he needed people who only spoke English;

    (g)    Dellicarpini has no business reason to require employees to speak English only, as he is fluent in Spanish;

    (h)    The Hispanic employees feared that they would be terminated or retaliated against if they complained about the above-described treatment because the harasser, Dellicarpini, was a co-owner of Defendants;

(i) In addition, Defendants treated Hispanic employees less favorably than non-Hispanic employees with regard to their terms and conditions of employment;

(j) For example, Hispanic employees generally were not permitted to take leave days or sick days, while non-Hispanic employees were allowed to take leave and sick days;

(k) On or about February 18, 2013, Vazquez-Rivas asked Dellicarpini why Hispanic employees were treated less favorably than non-Hispanic employees with regard to leave days. The next day, Defendants terminated Vazquez-Rivas's employment;

15. The effect of the practices complained of in paragraphs 14 (a) – (k) above has been to deprive Vazquez-Rivas and a class of Hispanic employees of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin.

16. The unlawful employment practices complained of in paragraphs 14 (a) – (k) above were and are intentional.

17. The unlawful employment practices complained of in paragraphs 14 (a) – (k) above were and are being done with malice or with reckless indifference to the federally protected rights of Vazquez-Rivas and a class of Hispanic employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from harassing employees because of their national origin.

B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for Hispanics and which eradicate the effects of their past and present unlawful employment practices.

C.     Order Defendants to make whole Vazquez-Rivas and a class of Hispanic employees, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, such as front pay in lieu of reinstatement.

D.     Order Defendants to make whole Vazquez-Rivas and a class of Hispanic employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14 (a) – (k) above, including job search expenses and relocation expenses, in amounts to be determined at trial.

E.     Order Defendants to make whole Vazquez-Rivas and a class of Hispanic employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 14 (a) – (k) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.     Order Defendants to pay Vazquez-Rivas and a class of Hispanic employees punitive damages for their malicious and reckless conduct, as described in paragraphs 14 (a) – (k) above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:     New York, N.Y.
            September 29, 2015

Respectfully Submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

131 M Street, N.E.
Washington, D.C. 20507

 /s/ Robert D. Rose
ROBERT D. ROSE
Regional Attorney

 /s/ Jeffrey Burstein
JEFFREY BURSTEIN
Supervisory Trial Attorney

 /s/ Jadhira Rivera
Jadhira Rivera (JR3339)
Trial Attorney
Two Gateway Center, Suite 1703
283-299 Market Street
Newark, New Jersey 07102
Telephone: (973) 645-6025
Facsimile: (973) 645-4524
E-mail: jadhira.rivera@eeoc.gov