UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  Plaintiff,  EDGAR VASQUEZ-RIVAS,  Plaintiff-Intervenor,  v.  ANTONELLA'S RESTAURANT & PIZZERIA, INC., JTA, INC., and DELLICAP, LLC d/b/a GRAND CENTRO GRILL,  Defendants. | 15-CV-7666 (KMK)(LMS) |

## **CONSENT DECREE**

### I. INTRODUCTION

1. The parties to this Consent Decree are Plaintiff Equal Employment Opportunity Commission (hereafter "EEOC"), Plaintiff-Intervenor Edgar Vasquez-Rivas, and Defendants Antonella's Restaurant & Pizzeria, Inc., JTA, Inc., and Dellicap, LLC d/b/a Grand Centro Grill (collectively "Antonella's").

2. The EEOC brought this action on September 29, 2015, pursuant to Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), and Title I of the Civil Rights Act of 1991 (the "Civil Rights Act"). The EEOC's complaint alleged that during the time period from at least 1995, when Antonella's first opened its doors, to the present, Defendants engaged in

unlawful employment practices at their restaurants by subjecting Mr. Vasquez-Rivas and a class of Hispanic employees to a hostile work environment by harassing them because of their national origin.

3. The EEOC, Plaintiff-Intervenor, and Defendants (hereinafter "the parties") desire to conclude fully and finally all claims arising out of the above action without the expenditure of further resources and expenses in contested litigation. They enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in Title VII and the Civil Rights Act. Each party agrees that this Decree is not an admission of the claims or defenses of any other party.

4. This Consent Decree is not an adjudication or finding on the merits of this case.

5. The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves the Consent Decree in its entirety.

Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## II. GENERAL PROVISIONS

6. This Court has jurisdiction over the subject matter and the parties to this action, that venue is proper, and that all administrative prerequisites have been met. No party will contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

7. This Consent Decree constitutes a full resolution of the EEOC's and Plaintiff-Intervenor's Complaints and the issues that were raised in the charges filed by Plaintiff-Intervenor's (Charge No. 520-2014-00218). It does not include any pending charges that may be filed against Defendants that are not the subject of this litigation (and the EEOC is unaware of any other pending EEOC charges against Defendants related to national origin discrimination),

or any charge that may be filed in the future against Defendants.

8. The parties have agreed that this Decree may be entered into without Findings of Fact and Conclusions of Law having been made and entered by the Court.

9. This Consent Decree shall become effective upon the date the Court approves and dockets the approval by the Court (hereafter "Effective Date").

10. Each party shall bear its own costs and attorney fees, unless otherwise specified.

11. The Parties agree that this Consent Decree constitutes the complete agreement between them. No waiver, modification, or amendment of any provision of this Consent Decree shall be effective unless made in writing, approved by all parties to this Consent Decree, and approved or ordered by the Court.

## III.   APPLICABILITY OF DECREE TO SUCCESSORS

12. Before Antonella's engages in any transfer of its business or assets, it will provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser of its business or assets, and to any potential successors, assigns, subsidiaries, or affiliates. Antonella's will provide written notice to EEOC thirty (30) days before any such purchase.

## IV.   SEVERABILITY

13. If one or more provisions of this Decree are rendered unlawful or unenforceable because of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the parties. The provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance because of such legislative act or court decision will remain in full force and effect and the parties' responsibilities will not abate as to any and all provisions that have not been rendered

unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

## V. INJUNCTIVE RELIEF

14. National Origin: Consistent with Section 703 of Title VII, 42 U.S.C. 2000e-2, Defendants, Antonella's Restaurant & Pizzeria, Inc., JTA, Inc., and Dellicap, LLC d/b/a Grand Centro Grill, their officers, agents, managers (including supervisory employees), successors and assigns, and all those in active concert or participation with them, are enjoined from discriminating on the basis of national origin, including, but not limited to, creating a hostile work environment and demanding an English-only workplace.

15. Retaliation: Defendants, Antonella's Restaurant & Pizzeria, Inc., JTA, Inc., and Dellicap, LLC d/b/a Grand Centro Grill, their officers, agents, managers (including supervisory employees), successors and assigns, and all those in active concert or participation with them, are enjoined from discriminating against any employee, former employee, or applicant for employment, because the employee, former employee, or applicant has opposed any practice made an unlawful employment practice by Title VII, or because the employee, former employee, or applicant has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

## VI. NON-MONETARY RELIEF

### A. Statement of Equal Opportunity

16. Within thirty (30) days of the Effective Date of this Decree, Antonella's owners, John and Angelo Dellicarpini, will issue a written statement to all Antonella's employees stating that the company's commitment to "zero tolerance" regarding discrimination, including discrimination on the basis of national origin. The EEO statement will also be prominently

displayed in all business locations. Antonella's will provide a copy of the statement to the EEOC for review within twenty (20) days of the entry of this Decree, and if the EEOC believes that the statement does not satisfy the requirements of this Decree it will so notify Antonella's within five (5) days thereafter.

### B. Non-Discrimination Policy

17. Antonella's shall adopt an Equal Employment Policy, Harassment Policies, and a Problem-Solving Procedure which sets forth a commitment to equal employment opportunity and to comply with federal laws concerning employment discrimination, including but limited to the prohibition against national origin discrimination and establish a mechanism for resolving work-related concerns, including discrimination complaints. Such policies will be placed in an Employee Handbook, and will be distributed as part of any training on Company policies pertaining to EEO or anti-harassment. Such policies will also be provided to any new employee upon hire. Such policies will be developed and disseminated within thirty (30) days of the Effective Date of this Decree.

18. Antonella's will insure that their non-discrimination policy includes the following: (i) definitions of national origin harassment; (ii) include examples to supplement the definitions of harassment, including from the allegations against Antonella's in this action; (iii) provide for corrective action up to and including termination for incidents of harassment; (iv) include non-retaliation language; (v) provide for corrective action up to and including termination for incidents of retaliation; (vi) provide that complaints of harassment will be accepted, investigated, and resolved irrespective of whether they are made orally or in writing; (vii) provide a prompt timetable for commencing an investigation after a complaint is made or received and for remedial action to be taken upon conclusion of an investigation; (viii) provide a

written form for making a complaint, although any complaint may also be made orally; (ix) provide that the investigation will be kept confidential to the extent feasible; (ix) provide that, promptly upon the conclusion of the investigation of a complaint, Antonella's will communicate to the complaining party the results of the investigation and, in general terms, the remedial actions taken or proposed, if any; and (x) provide the contact information for the New York State Division of Human Rights and the EEOC as alternate authorities to whom harassment, discrimination, and retaliation may be reported. Antonella's will also provide different personnel to whom discrimination complaints can be made to ensure that an alleged harasser is not also the person receiving and investigating a discrimination complaint.

**B.   Supervisor Accountability**

19.   Antonella's shall impose appropriate discipline, up to and including termination, upon any supervisor or manager who has engaged in harassment or has permitted any such conduct to occur in his or her work area or among employees under his or her supervision, or who has retaliated against any person who complains or participates in any investigation or proceeding concerning any such harassment. All such discipline shall be documented and placed in the personnel file of the offender.

20.   Antonella's shall communicate this policy to all current supervisors and managers when it disseminates its EEO and harassment policies.

21.   Antonella's shall communicate this policy to all other supervisors and managers at the time they are hired or promoted to supervisor/manager and subsequently, on an annual basis.

22.   Antonella's shall advise all managers and supervisors of their duty to actively monitor their work areas to ensure employee compliance with the company's harassment policy,

and to report any incidents and/or complaints of harassment of which they become aware of to the appropriate point person.

C. **Compliance Training**

23. Within one-hundred and twenty (120) days of the Effective Date of this Decree, Antonella's will provide all supervisors and managers with at least two (2) hours of mandatory training on EEO laws, including anti-harassment training and their obligations under this Decree. (Note: Defendants to provide name, resume and curriculum of training for EEOC review and approval).

24. The training will include examples of types of hostile remarks and behavior that will not be tolerated in the business locations. The training will further inform each supervisor or manager the he or she is responsible for knowing and complying with the contents of the EEO and harassment policies and complaint procedures. At least thirty (30) minutes of the training will be devoted to addressing the response a manager or supervisor should take if s/he becomes aware of harassment.

25. Antonella's shall retain records of the training programs, copies of materials distributed during the training, and lists documenting the dates on which it held the training and identifying the persons who attended and those who did not attend. A copy of these records and the training materials will be provided to the EEOC within thirty (30) days of the completion of trainings.

26. The training described above shall also be provided to any new supervisor or manager within fourteen (14) days of hiring or promotion.

27. Refresher courses of the training described above shall be provided annually for all supervisors and managers during the duration of this Decree.

7

28. One (1) hour of similar training shall be provided to all non-management employees, with at least thirty (30) minutes of the training devoted to addressing the response an employee should take if s/he become aware of harassment. This training shall also be provided to all new employees within thirty (30) days of hire.

## VII. REPORTING, NOTICE, AND MONITORING

29. Within two (2) days of the Effective Date of this Decree, Antonella's will conspicuously post a Notice of Lawsuit and Resolution, attached as **Exhibit A**, at each of its business locations where all employees regularly have access, and distribute a copy to all employees. Such notices shall be posted for the duration of the Consent Decree. Antonella's will monitor the notices and replace immediately any notice which is defaced or removed.

30. EEOC has the right to monitor and review compliance with this Consent Decree, including through interviews with employees, inspection of Antonella's premises and records at reasonable times. Antonella's will make available for inspection and copying any records reasonably related to compliance with this Decree, upon reasonable notice by EEOC.

31. Except as otherwise provided for in this Decree, all notification, reports, and communications to the parties required under this Decree will be made in writing and will be sufficient as emailed, hand-delivered, faxed, or sent by certified, registered, or overnight mail to the following person (or the designated successor):

For EEOC: Jadhira Rivera
Senior Trial Attorney
Two Gateway Ctr., Ste 1703
283-299 Market Street
Newark, NJ 07102
jadhira.rivera@eeoc.gov

and

decreemonitor.nydo@eeoc.gov

8

## VIII. MONETARY RELIEF

32. Subject to the terms and conditions of this Decree, Antonella's shall make payments totaling $50,000 ("Payments") which shall be allocated — in amounts specified by the EEOC in its sole discretion — to Plaintiff-Intervenor and Claimants identified by the EEOC in this action. No later than five (5) business days after the entry of this Decree, the EEOC shall notify Antonella's of the allocation of the $50,000.

33. No later than ten (10) business days after the entry of this Decree, Antonella's shall issue and mail by Certified or Registered Mail, payment(s) totalling $20,000 as the initial payment. The remaining $30,000 will be paid in equal monthly installments totalling $1,666.66 per month during a period of 18 months, with the last installment totalling $1,666.78. Each monthly installment shall be paid no later than the last business day of the month, with the first installment due at the end of the first full calendar month following entry of this Decree. Contemporaneous with each payment made pursuant to this Decree, Antonella's shall submit a copy of the check for that payment to the EEOC.

34. If any Payment due under this Decree is not issued and mailed in full within the period in which it is to be paid, then the entire remaining balance of the payments shall become due immediately, and for each additional business day that any portion of the balance due under this Decree remains unpaid ("Unpaid Amount"), Antonella's shall pay to the Plaintiff-Intervenor, in the manner set forth above, an amount equal to the greater of $25 or 0.1% of the Unpaid Amount.

35. In consideration of the EEOC's agreement to accept payments over time as stated herein, Angelo Dellicarpini and John Dellicarpini ("the Guarantors") each hereby grants to the EEOC his personal guaranty of the foregoing payments, in the form attached as Exhibits B and

9

C, to be paid by him from his personal assets in the event any of the foregoing payments is not made timely by Antonella's. Each Guarantor hereby consents to the jurisdiction of this court for the purpose of enforcing his guaranty and any disputes thereunder and acknowledges that it is enforceable fully as to all outstanding payments, without further notice or action of any kind, in the event any of the foregoing payments is not made timely by Antonella's.

## IX. DISPUTE RESOLUTION

36. If during the term of this Decree any party to the Decree believes that another party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate. If the EEOC determines that waiting ten business days will result in immediate harm to the public interest, it may apply to the Court for relief without waiting ten (10) business days.

## X. MISCELLANEOUS

37. Each party shall bear its own expenses, including attorney fees and costs.

38. Each signatory to this Decree represents that s/he is fully authorized to execute this Decree and to bind the parties on whose behalf s/he signs.

39. Signatures transmitted by facsimile shall be deemed to be original for all purposes.

## X. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

39. This Consent Decree shall remain in effect for a period of two (2) years from the Effective Date. The Decree will not expire against any signatory while any enforcement action is pending against that signatory.

40. All monetary obligations under this Decree shall be binding upon Defendant's purchasers, successors, and assigns, and upon its heirs.

41. The Court will retain jurisdiction over this action for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein. Upon signature and approval by the Court, the matter may be administratively closed but will not be dismissed.

SO ORDERED, ADJUDGED AND DECREED.
Signed this 21st day of June, 2017

_____
United States District Judge

APPROVED IN FORM AND CONTENT:

Dated: June 16, 2017

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
By its attorneys,

_____
Jeffrey Burstein
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
New York District Office
33 Whitehall St., 5th Floor
NY, NY 10004-2112
(212) 336-3770
jeffrey.burstein@eeoc.gov

11

*[signature]*

Jadhira Rivera
Trial Attorney
EEOC – Newark Area Office
Two Gateway Center, Suite 1703
283-299 Market Street
Newark, NJ 07102
(973)645-6025
jadhira.rivera@eeoc.gov

EDGAR VASQUEZ-RIVAS, Plaintiff-Intervenor
By His Attorney

Dated: _____, 2017

_____
Jennifer S. Echevarria, Esq.
Jacobowitz & Gubits, LLP
158 Orange Avenue, P.O. Box 367
Walden, NY 12586
(845)778-2121
jse@jacobowitz.com

ANTONELLA'S RESTAURANT & PIZZERIA,
INC., JTA, INC., and DELLICAP, LLC d/b/a
GRAND CENTRO GRILL
By their attorneys,
McCullough, Ginsberg, Montano & Partners LLP,

Date: June 15, 2017

*[signature]*

Michelle J. Mittleman, Esq.
122 East 42nd Street, Suite 3505
New York, NY 10168
(516) 532-3597
mmittleman@mgpllp.com

*[signature]*

John Dellicarpini, Guarantor

12

Jadhira Rivera
Trial Attorney
EEOC – Newark Area Office
Two Gateway Center, Suite 1703
283-299 Market Street
Newark, NJ 07102
(973)645-6025
jadhira.rivera@eeoc.gov

EDGAR VASQUEZ-RIVAS, Plaintiff-Intervenor
By His Attorney

Dated: June 8, 2017

_____ JESS44
Jennifer S. Echevarria, Esq.
Jacobowitz & Gubits, LLP
158 Orange Avenue, P.O. Box 367
Walden, NY 12586
(845)778-2121
jse@jacobowitz.com

ANTONELLA'S RESTAURANT & PIZZERIA,
INC., JTA, INC., and DELLICAP, LLC d/b/a
GRAND CENTRO GRILL
By their attorneys,
McCullough, Ginsberg, Montano & Partners LLP,

Date:           , 2017

_____
Michelle J. Mittleman, Esq.
122 East 42nd Street, Suite 3505
New York, NY 10168
(516) 532-3597
mmittleman@mgpllp.com

_____
John Dellicarpini, Guarantor

12

_____
Angelo Dellicarpini, Guarantor



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Newark Area Office**

Two Gateway Center, Suite 1703
283-299 Market Street
Newark, NJ 07102
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Newark Status Line: (866) 408-8075
Newark Direct Dial: (973) 645-4684
TTY (973) 645-3004
FAX (973) 645-4524
Website: www.eeoc.gov

**Exhibit A: Notice of Lawsuit and Resolution**

This Notice has been posted pursuant to a Consent Decree entered into between U.S. Equal Employment Opportunity Commission ("EEOC") and Antonella's Restaurant & Pizzeria, Inc., JTA, Inc., and Dellicap, LLC d/b/a Grand Centro Grill (collectively "Antonella's") in settlement of a lawsuit filed by EEOC in the United States District Court for the Southern District of New York. Each party agrees that this Decree is not an admission of the claims or defenses of any other party.

Federal law prohibits discrimination and/or harassment based on an employee's sex, race, color, national origin, religion, age, disability status or genetic information. This includes prohibiting harassment on the basis of national origin. Federal law also prohibits retaliation against any employee who files a charge of discrimination, who opposes unlawful activity, or who cooperates in the investigation of a charge or otherwise exercises her or his rights under the law.

Pursuant to the terms of the Consent Decree Antonella's:

1. Will not discriminate against any employee because of his national origin and will not retaliate against any person who exercises his or her rights under federal anti-discrimination laws;

2. Will issue a Statement of Equal Opportunity by Antonella's Owners to all its employees;

3. Will provide training on federal laws prohibiting employment discrimination to all current and future managers, supervisors and employees;

4. Will adopt an Equal Employment Policy, Harassment Policies and Problem-Solving Procedures;

5. Will impose appropriate Supervisor Accountability to any manager that has engaged in harassment;

6. EEOC may monitor compliance with the Consent Decree.

Should you have a complaint of discrimination, follow Antonella's policy for reporting such complaints, or you may contact:

>U.S. Equal Employment Opportunity Commission New York District Office
>33 Whitehall Street
>New York, New York 10004
>Phone: 800.699.4000
>TTY (for hearing impaired): 800.699.6820
>email: info@ask.eeoc.gov
>Website: http://www.eeoc.gov

Date:_____

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL

This Notice must remain posted for 5 years from the date shown above and must not be altered, defaced, or covered by any other material. Any questions concerning this Notice or compliance with its provisions may be directed to the U.S. Equal Employment Opportunity Commission at the numbers listed above.

**Exhibit B**

## GUARANTY

The undersigned, John Dellicarpini ("Guarantor"), part-owner of Antonella's Restaurant & Pizzeria, Inc., JTA, Inc., and Dellicap, LLC (collectively "Antonella's") in consideration of the settlement of the claims alleged by the U.S. Equal Employment Opportunity Commission (the "EEOC") in the matter of *EEOC v. Antonella's Restaurant & Pizzeria, Inc. et al.* (collectively, the "Lawsuit"), does hereby unconditionally personally guarantee Antonella's payment of monetary relief (a total of $50,000 in installments during an 18 month period), as detailed in the Consent Decree entered into as part of the Lawsuit (the "Consent Decree"). In no event shall Guarantor's obligations under this Guaranty include any liability to the EEOC for any special, indirect, consequential or punitive damages (including any loss of profits, business or anticipated savings) due to non-payment by Guarantor or Antonella's.

Guarantor acknowledges, represents, and warrants that Antonella's agreement to the Consent Decree with Guarantor's guaranty of payment is in the best interest of Guarantor, and that the EEOC's agreement to the Consent Decree with the guaranty of payment by Guarantor constitutes good and sufficient consideration for such Guaranty by Guarantor.

It is recognized and agreed that this Guaranty is a substantial part of the consideration for the signing of the Consent Decree by the EEOC and that the EEOC would not agree to any deferred payment under the Consent Decree without the agreement of Guarantor to execute this Guaranty.

In the event that Antonella's for any reason whatsoever, including bankruptcy, reorganization, or dissolution, does not pay or cause to be paid any of the installment payments described in Paragraphs 32 - 34 of Consent Decree, or any part thereof, on the date said payment is scheduled to be made and such non-payment continues for fourteen (14) days (a "Default"), then, within seven (7) days after the EEOC provides written notice of Default, Guarantor agrees to pay all amounts then due and owing under Paragraphs 32 - 34 of the Consent Decree, without further act or deed by any person, and without further notice to or order of the Court. Any bankruptcy, reorganization or dissolution of Antonella's or any successor or assign shall have no effect on the obligation of Guarantor to make all payments due and owing under this Guaranty. Nothing herein shall obligate Guarantor to make any payment before such payment would otherwise be due and owing under the Consent Decree.

Guarantor also agrees that the EEOC is not required to first enforce against any other person or entity any liability, obligation or duty guaranteed by this Guaranty before seeking enforcement thereof against Guarantor; Guarantor acknowledges that this is a guarantee of payment and not a guaranty of collection.

Guarantor acknowledges and agrees that an action may be brought and maintained against Guarantor by the EEOC to enforce any liability, obligation or duty guaranteed by this Guaranty without the necessity of joining Antonella's or any other person or entity in such action. Guarantor agrees to pay all costs and fees reasonably and necessarily incurred by the EEOC in enforcing the Guaranty.

Guarantor hereby agrees to the jurisdiction of the United States District Court for the Southern District of New York under the Consent Decree for the limited purpose of enforcing this Guaranty, or resolving any dispute arising hereunder.

**EXECUTED** to be effective as of this 14th day of June, 2017.

**GUARANTOR:**

NAME (printed): John Delli Carpini

SIGNATURE: _____, in his personal capacity

ADDRESS: 3 Sagamor Drive
Hopewell Jct., NY 12533

PHONE: 845-592-0502

**Exhibit C**

# GUARANTY

The undersigned, Angelo Dellicarpini ("Guarantor"), part-owner of Antonella's Restaurant & Pizzeria, Inc., JTA, Inc., and Dellicap, LLC (collectively "Antonella's") in consideration of the settlement of the claims alleged by the U.S. Equal Employment Opportunity Commission (the "EEOC") in the matter of *EEOC v. Antonella's Restaurant & Pizzeria, Inc. et al.* (collectively, the "Lawsuit"), does hereby unconditionally personally guarantee Antonella's payment of monetary relief (a total of $50,000 in installments during an 18 month period), as detailed in the Consent Decree entered into as part of the Lawsuit (the "Consent Decree"). In no event shall Guarantor's obligations under this Guaranty include any liability to the EEOC for any special, indirect, consequential or punitive damages (including any loss of profits, business or anticipated savings) due to non-payment by Guarantor or Antonella's.

Guarantor acknowledges, represents, and warrants that Antonella's agreement to the Consent Decree with Guarantor's guaranty of payment is in the best interest of Guarantor, and that the EEOC's agreement to the Consent Decree with the guaranty of payment by Guarantor constitutes good and sufficient consideration for such Guaranty by Guarantor.

It is recognized and agreed that this Guaranty is a substantial part of the consideration for the signing of the Consent Decree by the EEOC and that the EEOC would not agree to any deferred payment under the Consent Decree without the agreement of Guarantor to execute this Guaranty.

In the event that Antonella's for any reason whatsoever, including bankruptcy, reorganization, or dissolution, does not pay or cause to be paid any of the installment payments described in Paragraphs 32 - 34 of Consent Decree, or any part thereof, on the date said payment is scheduled to be made and such non-payment continues for fourteen (14) days (a "Default"), then, within seven (7) days after the EEOC provides written notice of Default, Guarantor agrees to pay all amounts then due and owing under Paragraphs 32 - 34 of the Consent Decree, without further act or deed by any person, and without further notice to or order of the Court. Any bankruptcy, reorganization or dissolution of Antonella's or any successor or assign shall have no effect on the obligation of Guarantor to make all payments due and owing under this Guaranty. Nothing herein shall obligate Guarantor to make any payment before such payment would otherwise be due and owing under the Consent Decree.

Guarantor also agrees that the EEOC is not required to first enforce against any other person or entity any liability, obligation or duty guaranteed by this Guaranty before seeking enforcement thereof against Guarantor; Guarantor acknowledges that this is a guarantee of payment and not a guaranty of collection.

Guarantor acknowledges and agrees that an action may be brought and maintained against Guarantor by the EEOC to enforce any liability, obligation or duty guaranteed by this Guaranty without the necessity of joining Antonella's or any other person or entity in such action. Guarantor agrees to pay all costs and fees reasonably and necessarily incurred by the EEOC in enforcing the Guaranty.

Guarantor hereby agrees to the jurisdiction of the United States District Court for the Southern District of New York under the Consent Decree for the limited purpose of enforcing this Guaranty, or resolving any dispute arising hereunder.

**EXECUTED** to be effective as of this 14th day of June, 2017.

**GUARANTOR:**

Angelo Dellicarpini

NAME (printed):

SIGNATURE: _____, in his personal capacity

ADDRESS: 834 Huntington Drive
Fishkill, N.Y. 12524

PHONE: 845 897-0085